IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED OF OMAHA LIFE INSURANCE COMPANY, | |
|---|---|
| Plaintiff, | 8:19-CV-234 |
| vs. | ORDER |
| ACASS SYSTEMS, LLC, et al., | |
| Defendants. | |

This matter is before the Court on its own motion. This is an interpleader case, in which the plaintiff United of Omaha Life Insurance Company represents that there is a dispute among ACass Systems, LLC; BizCapital BIDCO I, LLC; and Colleen Cass regarding the proceeds of a life insurance policy. *See* filing 1. The Court's questions relate to ACass Systems' pending bankruptcy proceeding. *See* filing 1 at 1.

The Court's rules are clear: when "a party to a civil case is a debtor in a bankruptcy case, the court issues an order staying further proceedings in the case as to the party in bankruptcy. The case may proceed as to any parties not in bankruptcy." NEGenR 1.5(a)(1). But, because the complaint doesn't describe the defendants' dispute in detail, and the defendants have not filed responsive pleadings themselves, the Court isn't sure what staying the case simply as to ACass Systems would mean.

Beyond that, it's also true that because the automatic bankruptcy stay of 11 U.S.C. § 362(a)(1) applies to the "commencement or continuation" of a proceeding "against the debtor," it doesn't apply to a proceeding brought by the debtor that inures to the benefit of the debtor's estate. *Farley v. Henson*, 2 F.3d 273, 274 (8th Cir. 1993); *Brown v. Armstrong*, 949 F.2d 1007, 1009-10 (8th Cir.

1991); *Wickenkamp v. Smith*, No. 8:13-CV-262, 2013 WL 6197158, at *1 (D. Neb. Nov. 27, 2013); *see E3 Biofuels, LLC v. Biothane, LLC*, 6 F. Supp. 3d 993, 1003 (D. Neb. 2014), *aff'd,* 781 F.3d 972 (8th Cir. 2015) (citing *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cty., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992)). While ACass Systems is a "defendant" at the moment, that doesn't mean much in an interpleader case—and it may be that ACass Systems, represented by the bankruptcy trustee, is really the natural plaintiff. But again, the Court doesn't know enough about the underlying claims to say.

And perhaps most significantly, without knowing more about the underlying claims, the Court can't tell whether this case should be here, or should be referred to the bankruptcy court. For instance, it's possible (given what little the Court knows about the timing of the decedent's attempted beneficiary change, and ACass Systems' bankruptcy) that the parties' claims arise under Title 11 of the United States Code, or have arisen in a Title 11 case, or are related to a case under Title 11—meaning that this Court's rules refer them to the bankruptcy court. NEGenR 1.5(a); *see* 28 U.S.C. § 157. It's also possible that this case presents so-called *Stern* claims, which should be heard by the bankruptcy court and decided by this Court on the bankruptcy judge's findings and recommendation (unless the parties consent to disposition by the bankruptcy court). *See Exec. Benefits Ins. Agency v. Arkison,* 573 U.S. 25, 35-38 (2014) (citing *Stern v. Marshall*, 564 U.S. 462 (2011)); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944-45 (2015).[1]

---

[1] The Court has noted that these funds—and the dispute over them—was the subject of some filings on the bankruptcy docket, and even the subject of a short-lived (and perhaps mistakenly filed?) adversary proceeding. But they provide little clarity, and the Court does not feel obliged to scour a lengthy bankruptcy court docket sniffing for truffles.

In short: at this preliminary stage of the case, the Court doesn't know what's going on, and so cannot determine whether a bankruptcy stay is required or reference to bankruptcy court is appropriate. Accordingly, the Court will ask the parties to inform it.[2]

IT IS ORDERED that on or before June 28, 2019, each party shall file a notice of its position (including facts and legal authority) on (1) whether this case should be stayed as to ACass Systems, and (2) whether this case should be referred to bankruptcy court.

Dated this 14th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

[2] The Court also notes that under its rules, "[i]f any party files a motion requesting referral of the case to the bankruptcy court, the case is referred to the bankruptcy court for further action." NEGenR 1.5(a)(1).